MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

SEGUNDO ALFREDO ZARUMA
ANGAMARCA, *individually and on behalf of
others similarly situated,*

*Plaintiff*,

-against-

HOMETOWN RESTORATION, LLC  (D/B/A
HOMETOWN RESTORATION, LLC),
THOMAS A. KEITH, and DANIEL DOE,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Segundo Alfredo Zaruma Angamarca ("Plaintiff Zaruma" or "Mr. Zaruma"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against Hometown Restoration,

LLC (d/b/a Hometown Restoration, LLC), ("Defendant Corporation"), Thomas A. Keith and

Daniel Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Zaruma is a former employee of Defendants Hometown Restoration, LLC

(d/b/a Hometown Restoration, LLC), Thomas A. Keith, and Daniel Doe.

2.       Defendants own, operate, or control a construction company, located at 46 Lafayette

Avenue, New Rochelle, NY 10801 under the name "Hometown Restoration, LLC".

3.      Upon information and belief, individual Defendants Thomas A. Keith and Daniel Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the construction corporation as a joint or unified enterprise.

4.      Plaintiff Zaruma was an employee of Defendants.

5.      Plaintiff Zaruma was employed as a construction worker at the construction corporation located at 46 Lafayette Avenue, New Rochelle, NY 10801.

6.      At all times relevant to this Complaint, Plaintiff Zaruma worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Zaruma appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Defendants' conduct extended beyond Plaintiff Zaruma to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Zaruma and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.     Plaintiff Zaruma now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Zaruma seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Zaruma's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a construction company located in this district. Further, Plaintiff Zaruma was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Segundo Alfredo Zaruma Angamarca ("Plaintiff Zaruma" or "Mr. Zaruma") is an adult individual residing in Rockland County, New York.

15.     Plaintiff Zaruma was employed by Defendants at Hometown Restoration LLC from approximately May 2012 until on or about May 2017.

16.     Plaintiff Zaruma consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants own, operate, or control a construction company, located at 46 Lafayette Avenue, New Rochelle, NY 10801 under the name "Hometown Restoration, LLC".

18.     Upon information and belief, Hometown Restoration, LLC (d/b/a Hometown Restoration, LLC) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 46 Lafayette Avenue, New Rochelle, NY 10801.

19.     Defendant Thomas A. Keith is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Thomas A. Keith is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Thomas A. Keith possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Zaruma, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Daniel Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Daniel Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Daniel Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Zaruma, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a construction company located in the New Rochelle section of Westchester County.

22.     Individual Defendants, Thomas A. Keith and Daniel Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Zaruma's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Zaruma, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Zaruma (and all similarly situated employees) and are Plaintiff Zaruma's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Zaruma and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendants Thomas A. Keith and Daniel Doe operate Defendant Corporation as either an alter ego of  themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

28.    At all relevant times, Defendants were Plaintiff Zaruma's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Zaruma, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Zaruma's services.

29.    In each year from 2012 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporation on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Zaruma is a former employee of Defendants who was employed as a construction worker. Plaintiff Zaruma seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Segundo Alfredo Zaruma Angamarca*

32.     Plaintiff Zaruma was employed by Defendants from approximately May 2012 until on or about May 2017.

33.     Defendants employed Plaintiff Zaruma as a construction worker.

34.     Plaintiff Zaruma regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

35.     Plaintiff Zaruma's work duties required neither discretion nor independent judgment.

36.     Throughout his employment with Defendants, Plaintiff Zaruma regularly worked in excess of 40 hours per week.

37.     From approximately May 2012 until on or about May 2017, Plaintiff Zaruma worked as a construction worker from approximately 7:00 a.m. until on or about 4:30 p.m., Mondays through Saturdays (typically 57 hours per week).

38.     Throughout his entire employment, Defendants paid Plaintiff Zaruma his wages in cash.

39.     From approximately May 2012 until on or about December 2013, Defendants paid Plaintiff Zaruma $15.00 per hour.

40.     From approximately January 2014 until on or about May 2017, Defendants paid Plaintiff Zaruma $16.00 per hour.

41.     Plaintiff Zaruma was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

42.     In fact, throughout his entire employment with Defendants, Plaintiff Zaruma recorded his own hours and submitted those hours to the secretary.

43.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Zaruma regarding overtime and wages under the FLSA and NYLL.

44.     Defendants did not provide Plaintiff Zaruma an accurate statement of wages, as required by NYLL 195(3).

45.     Defendants did not give any notice to Plaintiff Zaruma, in English and in Spanish (Plaintiff Zaruma's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

46.     Defendants required Plaintiff Zaruma to purchase "tools of the trade" with his own funds—including a hammer, a meter, and a ruler.

*Defendants' General Employment Practices*

47.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Zaruma (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

48.     Plaintiff Zaruma was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

49.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

50.     Plaintiff Zaruma was paid his wages in cash.

51.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

52.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Zaruma (and similarly situated individuals) worked, and to avoid paying Plaintiff Zaruma properly for his full hours worked.

53.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

54.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Zaruma and other similarly situated former workers.

55.     Defendants failed to provide Plaintiff Zaruma and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

56.     Defendants failed to provide Plaintiff Zaruma and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

57.      Plaintiff Zaruma brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

58.     At all relevant times, Plaintiff Zaruma and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

59.     The claims of Plaintiff Zaruma stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

60.     Plaintiff Zaruma repeats and realleges all paragraphs above as though fully set forth herein.

61.     At all times relevant to this action, Defendants were Plaintiff Zaruma's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Zaruma (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

62.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

63.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

64.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Zaruma (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

65.     Defendants' failure to pay Plaintiff Zaruma (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

66.     Plaintiff Zaruma (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

67.     Plaintiff Zaruma repeats and realleges all paragraphs above as though fully set forth herein.

68.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Zaruma overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

69.     Defendants' failure to pay Plaintiff Zaruma overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

70.     Plaintiff Zaruma was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

71.     Plaintiff Zaruma repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants failed to provide Plaintiff Zaruma with a written notice, in English and in Spanish (Plaintiff Zaruma's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

73.      Defendants are liable to Plaintiff Zaruma in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

74.       Plaintiff Zaruma repeats and realleges all paragraphs above as though fully set forth herein.

75.      With each payment of wages, Defendants failed to provide Plaintiff Zaruma with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

76.      Defendants are liable to Plaintiff Zaruma in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

77.       Plaintiff Zaruma repeats and realleges all paragraphs above as though fully set forth herein.

78.      Defendants required Plaintiff Zaruma to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R.

§ 531.35; N.Y. Lab. Law §§ 193 and 198-b.

79.    Plaintiff Zaruma was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zaruma respectfully requests that this Court enter judgment

against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in

this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated

rules and regulations under, the FLSA as to Plaintiff Zaruma and the FLSA Class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiff Zaruma's and the FLSA

Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful

as to Plaintiff Zaruma and the FLSA Class members;

(e)    Awarding Plaintiff Zaruma and the FLSA Class members damages for the amount

of unpaid overtime compensation and damages for any improper deductions or credits taken

against wages under the FLSA as applicable;

(f)    Awarding Plaintiff Zaruma and the FLSA Class members liquidated damages in an

amount equal to 100% of his damages for the amount of unpaid overtime compensation, and

damages for any improper deductions or credits taken against wages under the FLSA as applicable

pursuant to 29 U.S.C. § 216(b);

     (g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Zaruma;

     (h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Zaruma's compensation, hours, wages and any deductions or credits taken against wages;

     (i)     Awarding Plaintiff Zaruma damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

     (j)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Zaruma;

     (k)     Awarding Plaintiff Zaruma damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

     (l)     Awarding Plaintiff Zaruma liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

     (m)     Awarding Plaintiff Zaruma and the FLSA Class members pre-judgment and post-judgment interest as applicable;

     (n)     Awarding Plaintiff Zaruma and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

     (o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Zaruma demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

April 6, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                           Telephone: (212) 317-1200
New York, New York 10165                                              Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 4, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                              **Segundo Alfredo Zaruma Angamarca**

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                                    04 de abril de 2018

*Certified as a minority-owned business in the State of New York*