UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Segundo Alfredo Zaruma Angamarca *individually and on behalf of others similarly situated*,

Plaintiff,

-against-

Hometown Restoration, LLC (d/b/a Hometown Restoration, LLC), Thomas A. Keith, and Donald Guterl,

*Defendants.*

18-cv-03058-AJN

SETTLEMENT AGREEMENT
AND
RELEASE

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Segundo Alfredo Zaruma Angamarca ("Plaintiff Zaruma") on the one hand, Hometown Restoration, LLC (d/b/a Hometown Restoration, LLC), ("Defendant Corporation"), and Thomas A. Keith ("Individual Defendant"), and Donald Guterl ("Individual Defendant") (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Zaruma alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Zaruma's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-03058-AJN (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Zaruma and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Forty-Two Thousand Dollars and No Cents (**$42,000.00**), including (i) $27,000 from Defendant Donald Guterl, which Defendant

Hometown Restoration, LLC., will pay from the proceeds it is holding from Donald Guteral and (ii) $15,000 from Defendants Hometown Restoration, LLC and Thomas A. Keith (the "Settlement Amount"), within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement. The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165 from defendant Hometown Restoration, LLC.

2. <u>Release and Covenant Not To Sue</u>: Plaintiff Zaruma hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Zaruma at any time has, had, claims or claimed to have against Defendants pursuant to the Fair Labor Standards Act or the New York Labor Law, that have occurred as of Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Zaruma from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Zaruma pursuant to the Fair Labor Standards Act or the New York Labor Law that have occurred as of the Effective Date of this Agreement.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. Each of the Parties to this Agreement vigorously contests all allegations of wrongdoing and all claims made against it or its interests, respectively, in connection with the claims relating to the lawsuit. Neither this Agreement, nor the settlement payment being made under it, nor any of its other terms, nor any negotiations or proceeding in connection therewith, shall constitute, be construed as or be deemed to be evidence of an admission on the part of any party to this Agreement of any liability or lack thereof relating to any claims made by any party hereto in any action or proceeding or any claims alleged; nor shall any of the terms of this Agreement, or any of the negotiations or proceedings in connection therewith, be offered or received in evidence or be used against any of the undersigned parties hereto or be used in any proceeding whatsoever, except as necessary to effect and enforce this Agreement.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Zaruma and Defendants.

5. <u>Acknowledgments:</u> Plaintiff Zaruma and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.      Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Zaruma:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

David Andrew Katz
Venable LLP
1270 Avenue of the Americas
New York, NY 10020
Tel: (212) 370-6203
Fax: (212) 307-5598
Email: dakatz@venable.com

Darren Epstein
Darren Jay Epstein, Esq., P.C.
254 South Main Street, Suite 406
New York, NY 10956
Tel: (845) 634-6800
Fax: (845) 634-6801
Email: darren@depsteinesq.com

7.      Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.      Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Zaruma agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.  Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Zaruma acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Zaruma confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10. Non-Disparagement: Plaintiff Zaruma shall not say or do anything, directly or indirectly, orally or in writing, that may disparage Defendants, and Defendants shall not expressly authorize any person or say or do anything, directly or indirectly, orally or in writing, that may disparage Plaintiff. This Section 10, however, does not prohibit any Party from making truthful statements.

11. Remedies: The covenants, representations, and acknowledgements made by the Parties in this Agreement shall survive the execution of the Agreement and the delivery of the payment set forth in Section 1 hereto. In the event any Party commits a breach of any term, condition, or covenant in this Agreement, the offending Party shall pay all of the others' reasonable costs and expenses including reasonable attorneys' fees, incurred in enforcing the terms of this Agreement and/or defending any action(s). The offending Party shall also be liable for any damages suffered or incurred by the other Parties by reason of such breach. The Parties further reserve the right to seek any and all remedies available for breach under federal, state, local, and other law, and they shall be entitled to obtain injunctive relief to prevent further breach of the terms set forth herein at the expense of the offending Party.

12. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

13. This Agreement shall inure to the benefit of the Settling Parties and the parties released hereby, and each of their respective successors and assigns. This Agreement may be executed in counterparty form with signatures evidenced by pdf attachment to an e-mail, and when so executed shall be fully enforceable to the same extent as if all signatures appeared in original form on the same page. Any person signing this Agreement in a representative capacity warrants that he or she has full authority to do so, and each of the Settling Parties is hereby estopped from asserting that the persons executing this Agreement were not properly authorized to do so.

BY SIGNING THIS AGREEMENT AND RELEASE, EACH PARTY ACKNOWLEDGES AND STATES THAT:

A.  THEY HAVE READ THE SETTLEMENT AGREEMENT AND RELEASE;

B.  THEY UNDERSTAND THE SETTLEMENT AGREEMENT AND RELEASE AND KNOW THAT THEY ARE GIVING UP IMPORTANT RIGHTS;

C.  THEY AGREE WITH EVERYTHING CONTAINED WITHIN THE SETTLEMENT AGREEMENT AND RELEASE;

D.  THEY NEGOTIATED THIS SETTLEMENT AGREEMENT AND RELEASE;

E.  THEY HAVE HAD A REASONABLE OPPORTUNITY TO CONSULT WITH THEIR ATTORNEYS AND HAVE IN FACT CONSULTED WITH THEIR ATTORNEYS PRIOR TO EXECUTING THIS SETTLEMENT AGREEMENT AND RELEASE;

F.  THEY HAVE BEEN GIVEN WHAT THEY AND THEIR ATTORNEYS CONSIDER TO BE A REASONABLE PERIOD OF TIME TO REVIEW AND CONSIDER THIS SETTLEMENT AGREEMENT AND RELEASE PRIOR TO SIGNING IT; AND

G.  THEY HAVE SIGNED THIS SETTLEMENT AGREEMENT AND RELEASE KNOWINGLY AND VOLUNTARILY.

**PLAINTIFF:**

_[signature]_                                             Date: 5/9/19
SEGUNDO ALFREDO ZARUMA ANGAMARCA

**DEFENDANTS:**

HOMETOWN RESTORATION, LLC

By: _[signature]_                                         Date: 5/ /19
   THOMAS A. KEITH

_[signature]_                                             Date: 5/ /19
THOMAS A. KEITH

_[signature]_                                             Date: 5/ /19
DONALD GUTERL